IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01603-GPG

JOSE PENA-OLAGUE,

      Plaintiff,

v.

LOUIS CABLING, CCCF Physician Provider, in his official and individual capacities,
CORRECTIONAL HEALTH PARTNERS (CHP),
MICHAEL MILLER, CCCF Warden, in his official and individual capacities,
RICK RAEMISCH, CDOC Prison Director, in his official and individual capacities,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Jose Pena-Olague, is in the custody of the Colorado Department of Corrections (CDOC) at the Crowley County Correctional Facility (CCCF) in Olney Springs, Colorado.   He initiated this action by filing a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming that he is being denied adequate medical care in violation of the Constitution.

In a September 2, 2015 Order, Magistrate Judge Gallagher reviewed the Prisoner Complaint and determined that it was deficient because Plaintiff failed to allege specific facts to show the personal participation of the CCCF Warden and the CDOC Executive Director in a deprivation of his constitutional rights.   (ECF No. 8).   Furthermore, Plaintiff did not allege facts to show that a policy or custom of CHP caused the alleged deprivation of adequate medical care.   (*Id.*).   Magistrate Judge Gallagher ordered Mr. Pena-Olague to file an Amended Complaint, within 30 days, to cure the deficiencies.   (*Id.*).   Plaintiff

filed an Amended Complaint on October 29, 2015.   (ECF No. 11).

Mr. Pena-Olague has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, the Amended Complaint and this action will be dismissed in part and the remainder drawn to a presiding judge.

## I.  The Amended Complaint

In the Amended Complaint, Mr. Pena-Olague alleges that he has suffered a "Leaking Arterial Bleed" (LAB) in the left subdermis of his scalp for approximately 18 months, a condition that resulted after he was hit on the side of the head by a heavy security door during a wind gust in March 2014.   (ECF No. 11 at 3).   Plaintiff requested a physician exam a few days after the incident because a "pulpish bulb" had developed on his head.   (*Id.* at 4).   Plaintiff was examined by Defendant Dr. Cabling approximately six weeks later.   Dr. Cabling ordered x-rays as a "precautionary measure." (*Id.*).   When Plaintiff asked for the x-ray results, a nurse conveyed a message from Dr. Cabling that "[Plaintiff] was fine."  (*Id.*).   Plaintiff alleges that the bulb on his head throbs with pain whenever he exercises or is exposed to sunshine, and sometimes migrated towards his

left forehead.   Mr. Pena-Olague continued to file medical kites because of the ongoing pain, and was ultimately scheduled for an MRI by another physician approximately nine months after his head injury.   Defendant Dr. Cabling later informed Plaintiff that he had received the results of the MRI, and that Plaintiff was "fine."   (*Id.* at 5).   Following Plaintiff's submission of more medicate kites, Dr. Cabling told him that when he talked to his boss about Plaintiff's condition, the boss advised Dr. Cabling "not to touch it" because it was "too serious and dangerous." (*Id.* at 6).

According to Plaintiff, his condition continued to worsen and sometime in 2015 he was referred to an eye specialist in Pueblo, Colorado, who diagnosed the LAB, told Plaintiff that it was "a serious and potentially dangerous condition," and recommended surgery to repair it.   (*Id.*).   Dr. Cabling thereafter advised Defendant Colorado Health Partners (CHP) that he approved Plaintiff for the recommended surgery, but CHP rejected the surgery request.   No explanation was given for the denial.   Plaintiff alleges that he remains in constant pain and is unable to exercise, that the LAB now "horseshoe[s]" around both sides of his head, and that blood droplets seep through his skin pores if he exercises or is exposed to sunshine. (*Id.* at 7).   Sometime in August 2015, Defendant Dr. Cabling submitted a second request to CHP to authorize the recommended surgery, but the request was once again denied.   Dr. Cabling thereafter submitted a second request to CHP to authorize the surgery, but that request was also denied.   Plaintiff was again referred to another outside physician for examination, but did not receive any medical attention.   Plaintiff states that he is unable to exercise because of his condition, is frequently dizzy and nauseated, and is "constantly in pain."   (*Id.*).

Plaintiff claims that the Defendants have deprived him of adequate medical care,

in violation of the Eighth Amendment.   Specifically, he asserts that Defendant Dr. Cabling has failed to treat his ongoing head pain and unreasonably delayed making a request for surgery authorization to CHP; that Defendant CHP denied surgery recommended by medical professionals for "non-medical" reasons, based on the Milliman's Cove Guidelines and CDOC policies (*id.* at 15); and, Defendants CDOC Director Raemisch and Warden Miller failed to ensure that CDOC policies and/or customs did not operate to deprive him of needed medical care.   Mr. Pena-Olague seeks injunctive and declaratory relief.

## II. Legal Analysis

The Amended Complaint is deficient because Mr. Pena-Olague fails to allege specific facts to show the personal participation of the CCCF Warden and the CDOC Executive Director in a deprivation of his constitutional rights.   Plaintiff was warned in the September 2 Order that personal participation is an essential element of a civil rights action.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can only be held liable for his own deliberate intentional acts.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of

abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff does not allege facts to show that Defendants Miller and Raemisch have been personally involved in decisions concerning his medical care at the CCCF. Instead, he seeks to hold them liable because of their supervisory roles, which is inappropriate under § 1983.   Accordingly, Defendants Raemisch and Miller are improper parties to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Plaintiff's § 1983 claims against Defendants Dr. Cabling and CHP do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge and, if appropriate, to a magistrate judge.   *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants Michael Miller and Rick Raemisch are DISMISSED from this action for Plaintiff's failure to allege their personal participation in the alleged constitutional deprivations. It is

FURTHER ORDERED that Plaintiff's claims against Defendants Louis Cabling and CHP shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED November 4, 2015, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court