IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01603-PAB-KLM

JOSE PENA-OLAGUE,

    Plaintiff,

v.

LOUIS CABLING, CCCF Physician Provider, in his official and individual capacities, and
CORRECTIONAL HEALTH PARTNERS (CHP),

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Current Status Update and Report with Combined Request to Appoint and Use a Spanish Interpreter in Any and All Subsequent Court Hearings and/or Conference While Mr. Pena-Olague [a Mexican-American] is Pro Se** [#21][1] (the "Motion"). In the Motion, Plaintiff explains that he relies on a fellow inmate, Audrey Lee Tennyson ("Tennyson") at the Crowley County Correctional Facility to help him with his legal filings and asks the "Court to grant an Order authorizing" Plaintiff and Tennyson "to communicate" in the event that they are moved to separate facilities. *Motion* [#21] at 2. In the alternative, Plaintiff requests appointment of counsel. *Id.* Plaintiff further "authorize[s] the Court to inform [his wife] about [Plaintiff's] case and its status . . . ." *Id.* at 3. Finally, Plaintiff "ask[s] the Court to consider if advancing this matter

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

for trial on the merits or if setting it for alternative dispute resolution and settlement conference may be appropriate . . . ." *Id.* The title of the Motion implies that Plaintiff also seeks appointment of an interpreter, but he does not request that relief in the Motion.

## I. Analysis

**A.     Communication with Fellow Inmate**

The law is well-established that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Court of Appeals for the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary in the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

In this case no findings as to Plaintiff's likelihood of success on the merits have been

made. In such a circumstance, the Court will not enter an injunction requiring the Colorado Department of Corrections ("CDOC") to allow any special methods of communication between Plaintiff and inmate Tennyson. To the extent there are regular channels of communication available to Plaintiff and inmate Tennyson, they may utilize those methods to the extent allowed by the CDOC. For these reasons, the Motion is **denied** to the extent it asks the Court to enter an order authorizing Plaintiff and inmate Tennyson to communicate in the event they are moved to separate facilities.

**B.     Appointment of Counsel**

The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a pro se plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a pro se plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential

merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief. *See generally First-Amended Verified Prisoner Compl.* [#11]. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. *See id.* Plaintiff does not address the factors outlined above; however, to the extent that Plaintiff's incarcerated status may make it difficult for him to obtain representation, that, alone, does not warrant the need for volunteer counsel. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g., Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo.

Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, the Court finds that this Plaintiff's particular circumstances, at present, do not merit the appointment of counsel in this case. Accordingly, the Court **denies** the Motion to the extent it requests appointment of counsel.

Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means, inability to speak English, lack of legal training, and incarcerated status. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**C.      Wife's Access to Court Records**

To the extent that Plaintiff authorizes the Court to keep his wife informed about his case, this authorization in unnecessary. First, this lawsuit is a matter of public record. Anyone, including Plaintiff's wife, may access the Court's records relating to this case through the Office of the Clerk of the Court located in the Arraj Courthouse.[2] Second, while filings in this lawsuit are a matter of public record, the Court does not provide non-parties, like Plaintiff's wife, with copies of filings in any case sua sponte. Non-Parties must retrieve copies of records themselves.

---

[2] The Alfred A. Arraj United States Courthouse is located at 901 19th Street, Denver, CO 80294.

**D.     Request for Settlement Conference**

Generally a magistrate judge, such as the undersigned, would not rule on a request for a settlement conference. However, in this circumstance, Defendants have not yet responded to Plaintiff's claims. As a result, it is not clear what position Defendants will take as to Plaintiff's factual and legal allegations. Therefore, the Court finds this request to be premature and **denies** it **without prejudice**. If, as the case progresses, the parties would like to request that the Court hold a settlement conference, they may file a motion requesting that relief.

**E.     Appointment of an Interpreter**

In a civil case, as opposed to a criminal case, the Court "is not authorized to appoint interpreters for litigants . . ., and, moreover, has no funds to pay for such a program." *Loyola v. Potter*, No. C 09-0575 PJH, 2009 WL 1033398, at *2 (N.D. Cal. April 16, 2009). Further, "[t]he in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters." *Gonzalez v. Bopari*, No. 1:12-cv-01053-LJO-GBC (PC), 2012 WL 6569776, at *1 (E.D. Cal. Dec. 17, 2012) (citing 28 U.S.C. § 1915).; *see also Fessehazion v. Hudson Grp.*, No. 08 Civ. 10665(BSJ)(RLE), 2009 WL 2596619, at *2 (S.D.N.Y. 2009) *reconsideration granted on other grounds*, 2009 WL 2777043 (S.D.N.Y. Aug. 31, 2009). ("[G]enerally, pro se civil litigants have no entitlement to an interpreter or translator."); *Mendoza v. Blodgett*, No. C-89-770-JMH, 1990 WL 263527, at *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."); *compare* Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial). Further, the record in this case

indicates that Plaintiff has been able to present his claims and respond to Court Orders regarding his case. While Plaintiff may rely on assistance from other inmates in order to draft his filings, this fact does not mean that he is unable to litigate his case and it does not change the law regarding the Court's inability to appoint an interpreter at this stage of this lawsuit. For these reasons, the Court **denies** the Motion to the extent it requests appointment of an interpreter at this stage of the proceedings.

## II. Conclusion

For these reasons,

IT IS HEREBY **ORDERED** that the Motion [#21] is **DENIED in part** and **DENIED without prejudice in part** as discussed above.[3]

Dated: January 11, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[3] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).